FILED - LN
2007 MAY 18 PM 2:32
CLERK
U.S. DISTRICT COURT
WESTERN DIST. MICH.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NARINDER BHUGRA, personal representative of the Estate of DR. SATNAM SINGH BHUGRA, deceased and NARINDER BHUGRA, MANINDER BHUGRA and PAUL BHUGRA, individually,

Plaintiffs,

v

MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, CNL HOTELS AND RESORTS, INC., a foreign corporation, CNL HOSPITALITY PARTNERS, L.P., a Delaware Limited Partnership, and JOHN DOES, one or more unknown business entities and/or persons,

Defendants.

Case No.: 07- 1:07CV0482

Hon.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Gordon J. Quist**
**U.S. District Judge**

Michael H. Perry (P22890)
Fraser Trebilcock Davis & Dunlap, P.C.
Attorneys for Plaintiffs
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
Telephone: (517) 482-5800
Fax: (517) 482-0887

NOW COME the Plaintiffs, by and through their attorneys Fraser Trebilcock Davis & Dunlap, P.C. and by way of a Complaint against the Defendants Marriott International, Inc. ("Marriott"), CNL Hotels and Resorts, Inc., CNL Hospitality Partners, L.P. ("collectively CNL"), and John Does say as follows:

**GENERAL ALLEGATIONS AND JURISDICTION**

1. The Plaintiff Narinder Bhugra:

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

a. Is the personal representative of the Estate of Dr. Satnam Singh Bhugra (Exhibit 1 - Letters of Authority for Personal Representative).

b. Is the surviving spouse of Dr. Satnam Singh Bhugra who died on May 19, 2005 (Exhibit 2 - Certificate of Death).

c. Is a resident of the Village of Okemos, Ingham County, State of Michigan.

d. As the Personal Representative of the Estate of Dr. Satnam Singh Bhugra, deceased, is authorized under Michigan law to commence and maintain this wrongful death action. M.C.L. 600.2922(2).

e. Alternatively, as the personal representative of the Estate of Dr. Satnam Singh Bhugra, deceased, is authorized to commence and maintain this wrongful death action pursuant to California's Code of Civil Procedure, section 377.60(a).

f. Was a guest, along with her husband, Dr. Satnam Singh Bhugra, at the hotel described below on and before May 19, 2005.

g. Was physically present in or about the premises of the hotel on May 19, 2005 at or about the time of her husband's medical emergency.

2. The Plaintiff, Maninder Bhugra:

a. Is a daughter of Dr. Satnam Singh Bhugra.

b. Is a resident of the Village of Okemos, Ingham County, State of Michigan.

c. Was a guest, along with her parents, at the hotel described below on and before May 19, 2005.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

d. Was physically present in or about the premises of the hotel on May 19, 2005 at or about the time of her Father's medical emergency.

3. The Plaintiff, Paul Bhugra:

a. Is a son of Dr. Satnam Singh Bhugra.

b. Is a resident of the Village of Okemos, Ingham County, State of Michigan.

c. Was a guest, along with his parents, at the hotel described below on and before May 19, 2005.

d. Was physically present in or about the premises of the hotel on May 19, 2005 at or about the time of his Father's medical emergency.

4. The Defendant Marriott:

a. Operates, and on May 19, 2005 and at relevant times before then, by itself and/or through a wholly-owned subsidiary, operated a hotel known as the TownePlace Suites Newark Silicon Valley Hotel which is located at 39802 Cedar Boulevard, Newark, California 94560.

b. Generally, does business at various locations throughout the State of Michigan by virtue of the fact that it owns and operates hotels under a number of Marriott brand names.

c. Is a Delaware corporation authorized to do business in the State of Michigan.

d. Owns the trademarks and/or servicemarks "TownePlace Suites" and "TownePlace Suites Marriott" under which it did business at 39802

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

Cedar Boulevard, Newark, California 94560 on or about May 19, 2005.

e. Has its principal place of business in the City of Bethesda, State of Maryland.

f. By and through its employees and/or by and through the employees of its wholly-owned subsidiary, knew and/or should have known that the Plaintiff Narinder Bhugra was a guest, with her husband, Dr. Satnam Singh Bhugra, at the hotel described above on and before May 19, 2005.

5. The Defendant CNL Hotels and Resorts, Inc.:

a. Is a foreign corporation authorized to do business in Michigan.

b. Has its principal place of business in the City of Orlando, State of Florida.

c. Does business in the State of Michigan by virtue of the fact that it owns and/or operates the Hilton Suites Auburn Hills Hotel in Auburn Hills, Oakland County, Michigan and owns and/or operates the Hyatt Regency Dearborn Hotel in the City of Dearborn, Wayne County, Michigan.

d. On or about May 19, 2005 and at relevant times before then, by itself and/or through its wholly-owned subsidiary and/or affiliated entity known as CNL Hospitality Partners, and/or another wholly-owned subsidiary and/or affiliated entity, owned the hotel known as the TownePlace Suites Newark Silicon Valley Hotel which is located at

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

39802 Cedar Boulevard, Newark, California 94560. For purposes of this Complaint, CNL Hospitality Partners, L.P. and CNL Hotels and Resorts, Inc. are collectively identified herein as "CNL."

e. By and through its employees and/or by and through the employees of its wholly-owned subsidiary, knew and/or should have known that the Plaintiff Narinder Bhugra was a guest, with her husband, Dr. Satnam Singh Bhugra, at the hotel described above on and before May 19, 2005.

6. The Defendant CNL Hospitality Partners, LP:

a. Is a Delaware Limited Partnership authorized to do business in Michigan.

b. Has its principal place of business in the City of Orlando, State of Florida.

c. Does business by itself and/or through its parent entity CNL Hotels and Resorts, Inc. by virtue of the fact that it and/or the latter owns and/or operates the Hilton Suites Auburn Hills Hotel in Auburn Hills, Oakland County, Michigan and owns and/or operates the Hyatt Regency Dearborn Hotel in the City of Dearborn, Wayne County, Michigan.

d. On or about May 19, 2005 and at relevant times before then, by itself and/or through its parent and/or affiliated entity known as CNL Hotels and Resorts, Inc. and/or another wholly owned subsidiary and/or affiliated entity, including without limitation "John Does," owned the

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

hotel known as the TownePlace Suites Newark Silicon Valley Hotel which is located at 39802 Cedar Boulevard, Newark, California 94560.

e. For purposes of this Complaint, is included within the collective identification described above as "CNL."

f. By and through its employees and/or by and through the employees of its parent and/or affiliated entity(ies), knew and/or should have known that the Plaintiff Narinder Bhugra was a guest, with her husband, Dr. Satnam Singh Bhugra, at the hotel described above on or before May 19, 2005.

7. The Defendant "John Does:"

a. Is one or more business entities and/or persons which owned and/or operated the hotel, described above, on or before May 19, 2005.

b. Is one or more person(s) employed by one or more of the owner(s) and/or operator(s) of the hotel, described above on or before May 19, 2005.

c. The actual name(s) of which is/are unknown to the Plaintiffs and whom has been identified, both individually and collectively, as the Defendant "John Does" pursuant to California Code of Civil Procedure section 474.

d. Is/are residents of and/or do business in the State of California.

8. This Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum of

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

$75,000, exclusive of interest and costs, and there is diversity of jurisdiction between the Plaintiffs and the Defendants.

## COUNT I

## WRONGFUL DEATH (MICHIGAN LAW)

9. The Plaintiffs refer to and incorporate by reference ¶¶ 1-8 above, as though fully set forth herein.

10. On or about May 19, 2005, and for a period of time before that date, Dr. Satnam Singh Bhugra was a guest at the Marriott TownePlace Suites Newark Silicon Valley Hotel located at 39802 Cedar Boulevard, Newark, California (hereafter "hotel").

11. On and at times relevant hereto before May 19, 2005, the Defendant Marriott operated the hotel.

12. On or about May 19, 2005 and at relevant times prior thereto, the Defendant CNL owned the hotel.

13. On May 19, 2005 and at relevant times before that date, the Defendant Marriott and/or the Defendant CNL employed certain persons to provide services for and upon behalf of the hotel's guests, including among others, the Plaintiff's decedent Dr. Satnam Singh Bhugra.

14. On or about May 19, 2005 and at all times relevant herein, the Defendant Marriott, as the hotel's operator, owed to the Plaintiff's decedent Dr. Satnam Singh Bhugra the duty to exercise reasonable care for Dr. Satnam Singh Bhugra's well being and safety, including, among other things, the duty to:

a. Hire competent and capable employees to work at the hotel who, among other things, know how to use a telephone and know how to hit the telephone's buttons for "9-1-1" in an emergency situation.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

b. Train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for "9-1-1" in an emergency situation.

c. Train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the hotel's guests is having a medical emergency.

d. Properly equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency will have the opportunity to timely use said telephone to contact "9-1-1."

e. Equip the hotel's fitness facility and/or to otherwise provide within the hotel a reasonably accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof.

f. Timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof.

g. Promptly notified Mrs. Narinder Bhugra, the Plaintiff, of the existence of her husband's medical emergency on May 19, 2005.

15. On or about May 19, 2005 and at relevant times before that date, the Defendant CNL, as the hotel's owner, owed to the Plaintiff's decedent, Dr. Satnam Singh Bhugra, the duty to exercise reasonable care for Dr. Satnam Singh Bhugra's well being and safety, including, among other things, the duty to:

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

a. Hire competent and capable employees to work at the hotel who, among other things, know how to use a telephone and know how to hit the telephone's buttons for "9-1-1" in an emergency situation.

b. Train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for "9-1-1" in an emergency situation.

c. Train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the Defendant's guests is having a medical emergency.

d. Properly equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency will have the opportunity to timely use said telephone to contact "9-1-1."

e. Equip the hotel's fitness facility and/or to otherwise provide within the hotel a reasonably accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof.

f. Timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof.

g. Ensure that the Defendant Marriott exercise reasonable care for the well being and safety of the hotel's guests, including the Plaintiff's decedent, Dr. Satnam Singh Bhugra, and in particular, to require the

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

Defendant Marriott to act in accordance with the duties described in ¶10(a-g), above.

h. Promptly notify Mrs. Narinder Bhugra of the existence of her husband's medical emergency on May 19, 2005.

16. On or before May 19, 2005, it was feasible for the Defendants to:

a. Hire competent and capable employees to work at the hotel who, among other things, know how to use a telephone and know how to hit the telephone's buttons for "9-1-1" in an emergency situation.

b. Train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for "9-1-1" in an emergency situation.

c. Train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the Defendant's guests is having a medical emergency.

d. Properly equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency will have the opportunity to timely use said telephone to contact "9-1-1."

e. Equip the hotel's fitness facility and/or to otherwise provide within the hotel a reasonably accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

f. Timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof.

g. Insofar as the Defendant CNL is concerned, to ensure that the Defendant Marriott act in accordance with the duties described in ¶10(a-g), above.

h. Promptly notify Mrs. Narinder Bhugra of the existence of her husband's medical emergency on May 19, 2005.

17. On or about May 19, 2005, the Defendant Marriott was negligent and failed to exercise reasonable care for the well being and safety of its guest Dr. Satnam Singh Bhugra, and in particular, the Defendant Marriott failed to:

a. Hire competent and capable employees to work at the hotel, among other things, know how to use a telephone and know how to hit the telephone's buttons for "9-1-1" in an emergency situation.

b. Train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for "9-1-1" in an emergency situation.

c. Train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the Defendant's guests is having a medical emergency.

d. Equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

will have the opportunity to timely use said telephone to contact "9-1-1."

e. Equip the hotel's fitness facility and/or to otherwise provide within the hotel a reasonable accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof.

f. Timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof.

g. By and through one or more of its employees acting within the scope and course of employment with the Defendant, failed to timely contact "9-1-1" and otherwise failed to timely assist Dr. Satnam Singh Bhugra.

h. By and through one or more of its employees acting within the scope and course of employment with the Defendant, failed to promptly notify Mrs. Narinder Bhugra of the existence of her husband's medical emergency on May 19, 2005.

18. The Defendant CNL was negligent and failed to exercise reasonable care because it failed to:

a. Hire competent and capable employees to work at the hotel, among other things, know how to use a telephone and know how to hit the telephone's buttons for "9-1-1" in an emergency situation.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

b. Train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for "9-1-1" in an emergency situation.

c. Train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the Defendant's guests is having a medical emergency.

d. Equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency will have the opportunity to timely use said telephone to contact "9-1-1."

e. Equip the hotel's fitness facility and/or to otherwise provide within the hotel a reasonable accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof.

f. Timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof.

g. Ensure that the Defendant Marriott exercised reasonable care for the hotel's guests, including the Plaintiff's decedent, Dr. Satnam Singh Bhugra, and in particular, failed to require the Defendant Marriott to abide by the duties described above.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

h. By and through one or more of its employees acting within the scope and course of employment with the Defendant, failed to timely contact "9-1-1" and otherwise failed to timely assist Dr. Satnam Singh Bhugra.

i. Promptly notify Mrs. Narinder Bhugra of the existence of her husband's medical emergency on May 19, 2005.

19. On May 19, 2005, the Plaintiff's decedent, Dr. Satnam Singh Bhugra, experienced a medical emergency while he was in or about the hotel's exercise facility.

20. On May 19, 2005, the Defendants, by and through their respective employees acting within the scope and course of their employment, knew and/or should have known that the Plaintiff's decedent had experienced and/or was experiencing a medical emergency.

21. As a proximate result of one or both of the Defendant's negligence, as described above, the Plaintiff's decedent's medical emergency was allowed to develop to a point at which the Plaintiff's decedent died without receiving timely medical care.

22. Upon the Plaintiff's information and belief, as a proximate result of the Defendant's negligence, the Plaintiff's decedent was caused to incur conscious pain and suffering during the period intervening between the time of the onset of his medical emergency and the time of his wrongful death.

23. As a proximate result of one or both of the Defendant's negligence, and the resulting wrongful death of the Plaintiff's decedent described above, the Estate of Dr. Satnam Singh Bhugra and his heirs were caused to incur reasonable funeral, burial and other expenses.

24. As a proximate result of the Defendants' negligence and the resulting wrongful death of the Plaintiff's decedent, the decedent's heirs and next of kin have been caused to

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

suffer the loss of his financial support and the loss of the society and companionship of the deceased.

25. In addition to the losses described in the preceding paragraph, which she also has sustained and continues to sustain, the Plaintiff Narinder Bhugra has also suffered the loss of her husband's consortium as a proximate result of one or more of the Defendant's negligence.

26. The amount of the Plaintiff's damages exceeds $75,000.

WHEREFORE, pursuant to M.C.L. 600.2922, the Plaintiff prays for a judgment in her behalf in whatever amount in excess of $75,000 to which the Plaintiff is entitled and further prays for an award of interest, costs, attorney fees and such other additional relief as the Court shall find just and appropriate.

**COUNT II**

**WRONGFUL DEATH (CALIFORNIA LAW)**

27. The Plaintiffs refer to and incorporate by reference ¶¶ 1-26 above, as though fully set forth herein.

28. This Count is an alternative count seeking recovery for the wrongful death of the Plaintiff's decedent Dr. Satnam Singh Bhugra pursuant to California law, i.e., California's Code of Civil Procedure section 377.60.

29. The unknown Defendant(s) "John Does," whose name(s) is unknown to the Plaintiffs, owed to the Plaintiffs one or more of the duties described earlier in this Complaint.

30. The Defendant(s) John Does, whose name(s) is/are unknown to the Plaintiff was/were negligent and failed to exercise reasonable care for the well being and safety of its/their guest, Dr. Satnam Singh Bhugra, and in particular failed to do one or more of the

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

things that the Defendants Marriott and CNL failed to do as described earlier in this Complaint.

31. As a proximate result of the Defendant(s) John Does' negligence, and as a proximate result of the identified Defendants' negligence as described earlier in this Complaint, the Plaintiffs' decedent, the Estate of Dr. Satnam Singh Bhugra and Dr. Satnam Singh Bhugra's heirs were caused to incur the damages and losses described earlier in this Complaint.

32. The amount of the Plaintiff's damages exceeds $75,000.

WHEREFORE, if it is determined that California law applies to this matter, the Plaintiff prays for a judgment pursuant to California Code of Civil Procedure section 377.60 in her behalf against all of the Defendants, including the Defendant(s) John Does, in whatever amount in excess of $75,000 to which she is entitled and further prays for an award of interest, costs, reasonable attorney fees and such other additional relief as the Court finds just and appropriate.

**COUNT III**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – NARINDER BHUGRA**

33. The Plaintiff Narinder Bhugra refers to and incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

34. The Defendants, by and through their respective employees acting within the course and scope of their employment, knew and/or should have known that the Plaintiff Narinder Bhugra was present in or about the premises of the hotel.

35. The Plaintiff Narinder Bhugra witnessed the facts and circumstances associated with her husband's medical emergency and resulting passing.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

36. The Defendants' employees' failed to timely notify the Plaintiff of the existence of her husband's medical emergency and the status thereof.

37. The Defendants' employees failed and refused to allow the Plaintiff Narinder Bhugra to come near, touch and hold her husband.

38. The events and circumstances which gave rise to Dr. Satnam Singh Bhugra's wrongful death, described earlier in this Complaint, as well as the Defendants' employees' failure to timely notify the Plaintiff of the existence of her husband's medical emergency and the status thereof, as well as the Defendants' employees' failure and refusal to allow the Plaintiff Narinder Bhugra to come near, touch and hold her husband, are the kind of events which would naturally and probably result in emotional distress, and which did result in and did proximately cause severe emotional distress to the Plaintiff Narinder Bhugra.

39. The emotional distress suffered by the Plaintiff Narinder Bhugra has physically manifested itself in certain symptoms, including but not limited to:

a. Sleeplessness.

b. Anxiety.

c. Crying spells.

d. Stomach upset.

e. Loss of appetite.

f. An interference with her ability to perform and/or enjoy her usual and customary activities of daily living.

40. The amount of the Plaintiff Narinder Bhugra's damages exceeds $75,000.

WHEREFORE, the Plaintiff Narinder Bhugra prays for a judgment in her behalf against all of the Defendants, including the Defendant(s) John Does, in whatever amount in

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

excess of $75,000 to which the Plaintiff is entitled, and further prays for an award of interest, costs, attorney fees and such other additional relief as the Court shall find just and appropriate.

**COUNT IV**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – MANINDER BHUGRA**

41. The Plaintiff Maninder Bhugra refers to and incorporates by reference paragraphs 1-40 above, as though fully set forth herein.

42. The Defendants, by and through their respective employees acting within the course and scope of their employment, knew and/or should have known that the Plaintiff Maninder Bhugra was present in or about the premises of the hotel.

43. The Plaintiff Maninder Bhugra witnessed the facts and circumstances associated with her Father's medical emergency and resulting passing.

44. The Defendants' employees' failed to timely notify the Plaintiff of the existence of her Father's medical emergency and the status thereof.

45. The Defendants' employees failed and refused to allow the Plaintiff Maninder Bhugra to come near, touch and hold her Father.

46. The events and circumstances which gave rise to Dr. Satnam Singh Bhugra's wrongful death, described earlier in this Complaint, as well as the Defendants' employees' failure to timely notify the Plaintiff of the existence of her husband's medical emergency and the status thereof, as well as the Defendants' employees' failure and refusal to allow the Plaintiff Maninder Bhugra to come near, touch and hold her Father, are the kind of events which would naturally and probably result in emotional distress, and which did result in and did proximately cause severe emotional distress to the Plaintiff Maninder Bhugra.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

47. The emotional distress suffered by the Plaintiff Maninder Bhugra has physically manifested itself in certain symptoms, including but not limited to:

a. Sleeplessness.

b. Anxiety.

c. Crying spells.

d. Stomach upset.

e. Loss of appetite.

f. An interference with her ability to perform and/or enjoy her usual and customary activities of daily living.

48. The amount of the Plaintiff Maninder Bhugra's damages exceeds $75,000.

WHEREFORE, the Plaintiff Maninder Bhugra prays for a judgment in her behalf against all of the Defendants, including the Defendant(s) John Does, in whatever amount in excess of $75,000 to which the Plaintiff is entitled, and further prays for an award of interest, costs, attorney fees and such other additional relief as the Court shall find just and appropriate.

**COUNT V**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS –PAUL BHUGRA**

49. The Plaintiff Paul Bhugra refers to and incorporates by reference paragraphs 1-48 above, as though fully set forth herein.

50. The Defendants, by and through their respective employees acting within the course and scope of their employment, knew and/or should have known that the Plaintiff Paul Bhugra was present in or about the premises of the hotel.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

51. The Plaintiff Paul Bhugra witnessed the facts and circumstances associated with his Father's medical emergency and resulting passing.

52. The Defendants' employees' failed to timely notify the Plaintiff of the existence of his Father's medical emergency and the status thereof.

53. The Defendants' employees failed and refused to allow the Plaintiff Paul Bhugra to come near, touch and hold his Father.

54. The events and circumstances which gave rise to Dr. Satnam Singh Bhugra's wrongful death, described earlier in this Complaint, as well as the Defendants' employees' failure to timely notify the Plaintiff of the existence of his Father's medical emergency and the status thereof, as well as the Defendants' employees' failure and refusal to allow the Plaintiff Paul Bhugra to come near, touch and hold his Father, are the kind of events which would naturally and probably result in emotional distress, and which did result in and did proximately cause severe emotional distress to the Plaintiff Paul Bhugra.

55. The emotional distress suffered by the Plaintiff Paul Bhugra has physically manifested itself in certain symptoms, including but not limited to:

a. Sleeplessness.

b. Anxiety.

c. Crying spells.

d. Stomach upset.

e. Loss of appetite.

f. An interference with his ability to perform and/or enjoy his usual and customary activities of daily living.

g. Inability to maintain or obtain gainful employment.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

56. The amount of the Plaintiff Paul Bhugra's damages exceeds $75,000.

WHEREFORE, the Plaintiff Paul Bhugra prays for a judgment in his behalf against all of the Defendants, including the Defendant(s) John Does, in whatever amount in excess of $75,000 to which the Plaintiff is entitled, and further prays for an award of interest, costs, attorney fees and such other additional relief as the Court shall find just and appropriate.

**COUNT VI**

**SURVIVOR/SURVIVAL ACTION**

57. The Plaintiffs refer to and incorporate by reference ¶¶ 1-56 above, as though fully set forth herein.

58. Upon the Plaintiff Narinder Bhugra, personal representative of the Estate of Dr. Satnam Singh Bhugra, information and belief, the Plaintiff's decedent Dr. Satnam Singh Bhugra experienced conscious pain and suffering between the onset of his medical emergency and the time of his death.

59. The Defendants, including their respective employees acting within the course and scope of their employment, failed to exercise reasonable care for the well being and safety of Dr. Satnam Singh Bhugra as described earlier in this complaint.

60. As a proximate result of the Defendants' and their employees' negligence described earlier in this Complaint, the Plaintiff's decedent was allowed to consciously suffer, sustained distress, and lost his opportunity to survive.

61. The amount of the deceased damages exceeds $75,000.

62. The deceased's cause of action arising out of the above-described facts and circumstances survived the deceased's passing and may be brought within the context of this action by the Plaintiff Narinder Bhugra, personal representative of the Estate of Dr. Satnam Singh Bhugra.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

WHEREFORE, the Plaintiff Narinder Bhugra, personal representative of the Estate of Dr. Satnam Singh Bhugra prays for a judgment in her behalf against all of the Defendants in whatever amount in excess of $75,000 to which the Plaintiff is entitled, and further prays for an award of interest, costs, attorney fees and such other additional relief as the Court shall find just and appropriate.

Respectfully submitted,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Plaintiffs

Dated: May 18, 2007

By: ______________________________
Michael H. Perry (P 22890)
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800

**DEMAND FOR TRIAL BY JURY**

NOW COME the Plaintiffs, by and through her attorneys, Fraser Trebilcock Davis & Dunlap, P.C., and hereby makes demand for trial by jury.

Respectfully submitted,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Plaintiffs

Dated: May 18, 2007

By: ______________________________
Michael H. Perry (P 22890)
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933