UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER BHUGRA, a personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

        Plaintiffs,                                  Case No: 1:07 CV0482

-vs-                                            HON.: GORDON J. QUIST

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, LP, a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

        Defendants.

_____/

| | |
|---|---|
| MICHAEL H. PERRY (P22890) | LEONARD A. HENK (P26651) |
| Fraser, Trebilcock, Davis & Dunlap, PC | **Kallas & Henk PC** |
| Attorneys for Plaintiffs | Attorney for Defendants Marriott, CNL |
| 124 W. Allegan, Suite 1000 | Hotels, and CNL Hospitality Only |
| Lansing, Michigan 48933 | 43902 Woodward Ave. Suite 200 |
| (517) 482-5800 | Bloomfield Hills, Michigan 48302 |
| | (248) 335-5450 ext. 202 |

_____/

### AMENDED ANSWER TO COMPLAINT/AFFIRMATIVE DEFENSES

NOW COMES Defendants, MARRIOTT INTERNATIONAL, INC., CNL HOTELS AND

RESORTS, INC., and CNL HOSPITALITY PARTNERS, LP, by and through their attorneys,

KALLAS & HENK, P.C., and for their Amended Answer to Plaintiffs' Complaint and Affirmative

Defenses, states as follows:

       1.      In answer to paragraphs a-g, Defendants are without knowledge or information

sufficient to form a belief as to the truth of these allegations.  However, it is believed that Plaintiff

Narinder Bhugra was a guest at the hotel, as was Satnam Singh Bhugra.

       2.      As to paragraphs a-d, these Defendants are without sufficient information or

knowledge to form a belief as to the truth of this allegation.

3.    As to paragraphs a-d, these Defendants are without sufficient information or knowledge to form a belief as to the truth of this allegation.

4.    a.    Denied as stated for the reason that it is not true.
      b.    Admitted that it generally does business in Michigan.
      c.    Defendants admit the allegations contained therein.
      d.    Denied as stated for the reason that it is not true.
      e.    Defendants admit the allegations contained therein.
      f.    Denied as stated for the reason that it is not true.

5.    This paragraph including subparts a-e are denied as untrue, since on the date of this incident Defendant was not the owner or manager of the hotel.

6.    a-b.    Defendants neither admit nor deny the allegations contained therein for want of sufficient information and leave the Plaintiffs to their proofs.
      c.    This paragraph is denied for the reason it is not true.
      d.    It is admitted that it was the owner of the premises.
      e.    Requires no answer.
      f.    This paragraph is denied for the reason it is not true.

7.    Defendants are without knowledge or information sufficient to form a belief to the truth of this paragraph.

8.    This Defendant is without sufficient information or knowledge to form a belief as to the truth of this paragraph and Plaintiffs are left to their proofs.

## COUNT - I
## WRONGFUL DEATH (MICHIGAN LAW)

9.    Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 8, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

10.    It is admitted that on May 19, 2005 Dr. Bhugra was a guest at the Townplace Hotel located in Newark, California.

11.    This paragraph as stated is denied for the reason it is not true.

12.    CNL Hospitality Partners, LP, owned the premises.

13.    This paragraph is denied as stated for the reason that it is not true.

14.    This paragraph is denied as stated since Defendant Marriott did not operate the hotel.  As to paragraphs a-g, Defendants deny that these allegations state the legal duty owed and further as to any legal duty owed, these Defendants deny that they were negligent or breached any duty to Plaintiffs.  There was no duty as a matter of law to have an AED on the premises.

15.    This paragraph is denied as stated for the reason that it is not true.  As to paragraphs a-h, this Defendant denies that these allegations state the legal duty owed and further as to any legal duty owed, this Defendant denies that it was negligent or breached any duty to Plaintiffs.  There was no duty as a matter of law to have an AED on the premises.

16.    In response to this paragraph, competent and trained employees were on the premises and telephones are available and these employees acted appropriately.  It is denied that and AED was required.  There was no duty as a matter of law to have an AED on the premises.

17.    This paragraph including subparts a-h is denied for the reason that it is not true and/or further for the reason that this Defendant was not negligent and did not breach any duty.  There was no duty as a matter of law to have an AED on the premises.

18.    This paragraph including subparts a-i is denied for the reason that it is not true and/or further for the reason that this Defendant was not negligent and did not breach any duty.  There was no duty as a matter of law to have an AED on the premises.

19.    Based upon current information, Defendants admit the allegations contained therein.

20.    This paragraph is denied for the reason it is not true.  Further, employees timely responded when they became aware of a medical situation.

21.    This paragraph is denied for the reason it is not true since Defendants were not negligent and did not breach any duty.

22.    This paragraph is denied for the reason that these Defendants were not negligent and did not breach any duty.  Plaintiffs are left to their proofs regarding conscious pain and suffering.

23.    This paragraph is denied for the reason that these Defendants were not negligent and did not breach any duty.

24.    This paragraph is denied for the reason that these Defendants were not negligent and did not breach any duty.

25.    This paragraph is denied since these Defendants were not negligent and did not breach any duty and the Narinder Bhugra claim is controlled by the wrongful death statute.

26.    This Defendant is without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

## COUNT II
## WRONGFUL DEATH (CALIFORNIA LAW)

27.    Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 26, Count I, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

28.    Defendants are without sufficient knowledge or information to form a belief as to the truth of this paragraph and leaves Plaintiffs to their proofs.

29.    Defendants are without sufficient knowledge or information to form a belief as to the truth of this paragraph and leaves Plaintiffs to their proofs.

30.    It is denied that there was any negligence or breach of duty as stated in this paragraph.

4

31.     It is denied that there was any negligence or breach of duty as stated in this paragraph.

32.     This Defendant is without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

<u>COUNT III</u>
<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-NARINDER BHUGRA</u>

33.     Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 32, Counts I and II, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

34.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

35.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

36.     This paragraph is denied for the reason it is not true.

37.     This paragraph is denied for the reason it is not true.

38.     This paragraph is denied for the reason it is not true and further for the reason that Defendants did not breach any duty and were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

39.     This paragraph is denied for the reason it is not true and further for the reason that Defendants did not breach any duty and were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

40.     This paragraph is denied since this Plaintiff is not entitled to separate damages.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

### COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-MANINDER BHUGRA

41.     Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 40, Counts I-III, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

42.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

43.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

44.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

45.     These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

46.     This paragraph is denied for the reason it is not true and further for the reason that these Defendants did not breach any duty and were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

47.     This paragraph is denied for the reason it is not true and further for the reason that these Defendants did not breach any duty and were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

48.    This paragraph is denied since this Plainitff is not entitled to separate damages.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-PAUL BHUGRA

49.    Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 48, Counts I-IV, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

50.    These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

51.    These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

52.    These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

53.    These Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

54.    This paragraph is denied for the reason it is not true and further for the reason that this Defendants did not breach any duty or were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

55.    This paragraph is denied for the reason it is not true and further for the reason that this Defendants did not breach any duty or were not negligent.  There is no separate basis for this individual claim and therefore this individual claim should be dismissed.

56.    This paragraph is denied since this Plaintiff is not entitled to separate damages.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

## COUNT VI
## SURVIVOR/SURVIVAL ACTION

57.    Defendants hereby incorporate by reference, all of their answers as contained in Paragraphs 1 through 56, Counts I-V, of their Answer as if they were specifically repeated paragraph by paragraph and word for word.

58.    Defendants are without sufficient knowledge or information to form a truth as to this belief and leaves Plaintiffs to their proofs.

59.    This paragraph is denied for the reason it is not true and for the reasons previously stated in this answer.

60.    This paragraph is denied since Defendants did not breach any duty and were not negligent as previously stated in this answer.

61.    This paragraph is denied for the reason it is not true.

62.    This paragraph is denied for the reason it is not true and for the reason that it fails to state any cause of action.

WHEREFORE, Defendants herein, pray for a judgment of no cause for action in their favor and against the Plaintiffs together with court costs and attorney fees so wrongfully sustained in the defense of this action.

## RELIANCE UPON PLAINTIFFS' DEMAND FOR JURY

NOW COME Defendants, MARRIOTT INTERNATIONAL, INC., CNL HOTELS AND RESORTS, INC., and CNL HOSPITALITY PARTNERS, LP by and through their attorneys, KALLAS & HENK, P.C., and herewith relies upon Plaintiffs' demand for trial by jury.

8

## AMENDED AFFIRMATIVE DEFENSES

NOW COME Defendants herein, MARRIOTT INTERNATIONAL, INC., CNL HOTELS AND RESORTS, INC., and CNL HOSPITALITY PARTNERS, LP by and through their attorneys, KALLAS & HENK, P.C., and for their Affirmative Defenses to Plaintiffs Complaint states as follows:

1.      Plaintiffs' complaint fails to state any cause of action or any legal duty breached by Defendants and therefore should be dismissed.

2.      Defendants rely upon the defense of comparative negligence of Plaintiffs' decedent.

3.      There is no basis in law or in fact for the individual claims of the individual Plaintiffs and all such claims should be dismissed.

4.      Count V fails to state any cause of action and should be dismissed.

5.      Defendants state that venue in this case is not proper and intends to file the appropriate motion to change venue to California.

6.      Defendants state that jurisdiction in this case is not proper and intends to bring the appropriate motion to dismiss.

7.      Defendants are entitled to an offset for all colleteral sources paid to Plaintiff or paid on behalf of Plaintiff.

8.      Defendants intend to rely upon the Act of God defense.

9.      Defendants intend to rely upon the open and obvious doctrine as developed by future investigation and discovery.

10.     Defendant reserves its right add additional affirmative defenses as discovery and investigation continue.

11.     Marriott International, Inc, is not a proper Defendant and should be dismissed.

12.     CNL Hospitality Partners, LP, as the owner of the premises is not liable and should be dismissed.

13.     CNL Hotels and Resorts, Inc, was not the manager of the hotel and should be dismissed.

14.     Plaintiff has not named the proper defendants and this case should be dismissed.

15.     Plaintiff's case is barred by the statute of limitations.

16.     There was no duty to provide an AED on the premises under California or Michigan law.

**Kallas & Henk PC**


_____S/Leonard A. Henk_____
LEONARD A. HENK (P26651)
Attorney for Defendants Marriott, CNL
Hotels, and CNL Hospitality Only
lhenk@kallashenk.com
43902 Woodward Ave., Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450, Ext. 202

Dated:  July 2, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 2, 2007**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send the notification of such filing to the following ECF participant: **Amended Answer to Complaint, Reliance Upon Jury Demand, Amended Affirmative Defenses and Certificate of Service.**

Michael H. Perry (P22890)
Fraser, Trebilcock, Davis & Dunlap, PC
Attorneys for Plaintiffs
124 W. Allegan, Suite 1000
Lansing, Michigan 48933

      s/Leonard A. Henk
LEONARD A. HENK (P26651)
Attorney for Defendants Marriott, CNL
Hotels, and CNL Hospitality Only
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI  48302
(248) 335-5450, Ext. 202
Lhenk@kallashenk.com