UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER BHUGRA, personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

       Plaintiffs,

v

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, L.P., a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

       Defendants.

Case No.: 1:07- CV0482

Hon. Robert J. Jonker

| | |
|---|---|
| Michael H. Perry (P22890) | Leonard A. Henk (P26651) |
| Fraser Trebilcock Davis & Dunlap, P.C. | Kallas & Henk, PC |
| Attorneys for Plaintiffs | Attorneys for Defendants Marriott, CNL |
| 124 W. Allegan, Suite 1000 | Hotels and CNL Hospitality Only |
| Lansing, Michigan 48933 | 43902 Woodward Avenue, Suite 200 |
| Telephone: (517) 482-5800 | Bloomfield Hills, MI 48302 |
| Fax: (517) 482-0887 | Telephone: (248) 335-5450 ext. 202 |

**PLAINTIFFS' COMBINED MOTION AND BRIEF FOR RECONSIDERATION**

    NOW COME the Plaintiffs, by and through their attorneys Fraser Trebilcock Davis & Dunlap, P.C., for their Combined Motion and Brief for Reconsideration of this Court's December 14, 2007 Order granting Defendants' Motion for Change of Venue hereby state as follows:

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

A motion seeking reconsideration as been held analogous to a motion to alter or amend judgment brought under Fed R. Civ P. 59(e). *Kennedy v. City of Cleveland,* 797 F.2d 297, 301 (6th Cir., 1986). A Rule 59(e) is timely if served within 10 days after the entry of the order for which reconsideration is sought as computed by Fed R. Civ. P. 6(a).[1] The motion may be granted if there is newly discovered evidence or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters Co.,* 178 F.3d 804, 834 (6th Cir.1999).

In this district, a motion for reconsideration is governed by W.D. Mich. LR 7.4(a), which states as follows:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled on by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also sow that a different disposition of the case must result from the correction thereof.

In the case at bar, after this Court entered its December 14, 2007 Order granting the Defendants' Motion for Transfer of Venue, Plaintiff Narinder Bhugra informed her undersigned counsel that her recent decline in health will make it virtually impossible for her to travel to Northern California, the venue to which the Court transferred this case. By way of the attached affidavit, Ms. Maninder Bhugra, Mrs. Bhugra's daughter, states that Mrs. Bhugra suffers from pulmonary fibrosis, a deteriorating lung condition, which requires her to receive oxygen 24 hours a day. (Affidavit - Exhibit A). Air travel under these conditions is not feasible. (*Id.*)

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

---

[1] Pursuant to Fed. R. Civ. P. 6(a), when the period of time proscribed by the rules to take an action is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation of time. In this case, when the intermediate Saturdays, Sundays, and legal holiday (i.e., Christmas Day) are excluded, Defendant was required to file this motion on or before December 31, 2007. Accordingly, this motion is timely.

While Plaintiffs did present arguments regarding the inconvenience to them in traveling to another forum, neither counsel nor the Court was aware of Ms. Bhugra's specific health problems and corresponding restrictions on travel. This lawsuit involves the tragic loss of Ms. Bhugra's husband. Mrs. Bhugra desires and needs to remain intimately involved with the action. By transferring this matter to the United States District Court of California, Ms. Bhugra will be prevented from attending any proceeding in that court or from even meeting her California-legal counsel in person.

In moving for transfer of venue, the defendant must not only show that the original forum is in convenient for it, but also that the plaintiff will not be "substantially inconvenienced" by the transfer. *See* 15 *Wright, Miller & Cooper*, *Federal Practice and Procedure,* § 3849 at 165 (3d Ed. 2007). Federal Courts have specifically recognized that a plaintiff will be substantially inconvenience when the plaintiff's health problems prevent her from traveling to another district, and have been sympathetic to such a plaintiff by giving their choice of forum great weight. *Mason v Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1360 (S.D. Fla, 2001) (denying motion to change venue by affording considerable deference to plaintiff's choices of forum where the plaintiff's poor health made it difficult for her to travel); *see also Gdovin v Catawba Rental Co, Inc*., 596 F.Supp 1325, 1327 (N.D. Ohio, 1984) (denying motion to change venue when it was likely that "transfer would pose additional physical and financial hardships" on the plaintiffs).

Likewise, in the case at bar, Mrs. Bhugra's poor health makes it virtually impossible for her to travel to the Northern District of California. Under these circumstances, her choice of venue strongly tilts the balance against transfer.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

On a motion to transfer under § 1404(a), the moving party bears a heavy burden and is required to show that "the balance of factors weighs strongly in favor of transfer." *Steelcase, Inc. v. Smart Technologies, Inc.,* 336 F.Supp.2d 714, 719 (W.D. Mich 2004). When the relevant factors are weighed, and the convenience to the parties is again considered in light of Ms. Bhugra's significant health problems and limitations on travel, the balance of factors does not strongly favor transfer. Venue should remain in this district to prevent manifest injustice. Therefore, the Court should grant Plaintiffs' Motion for Reconsideration and Deny Defendants' Motion for Transfer of Venue.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court GRANT its Motion for Reconsideration, VACATE its Order Transferring Venue, and DENY Defendants' Motion for Change of Venue.[2]

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Appellants

Dated: December 27, 2007          By:  /s/ Michael H. Perry
                                              Michael H. Perry (P22890)
                                              Ryan K. Kauffman (P65357)
                                              Fraser Trebilcock Davis & Dunlap, P.C.
                                              124 West Allegan, Suite 1000
                                              Lansing, Michigan 48933
                                              Telephone: (517) 482-5800
                                              E-Mail: mperry@fraserlawfirm.com

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

---

[2] Pursuant to W.D. Mich. L.Civ.R. 7.1(d), the undersigned sought but did not obtain defense counsel's concurrence in this motion during a telephone conversation on December 27, 2007.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NARINDER BHUGRA, personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

Case No.: 1:07- CV0482

Hon. Robert J. Jonker

      Plaintiffs,

v

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, L.P., a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

      Defendants.

---

| | |
|---|---|
| Michael H. Perry (P22890)<br>Fraser Trebilcock Davis & Dunlap, P.C.<br>Attorneys for Plaintiffs<br>124 W. Allegan, Suite 1000<br>Lansing, Michigan 48933<br>Telephone: (517) 482-5800<br>Fax: (517) 482-0887 | Leonard A. Henk (P26651)<br>Kallas & Henk, PC<br>Attorneys for Defendants Marriott, CNL<br>Hotels and CNL Hospitality Only<br>43902 Woodward Avenue, Suite 200<br>Bloomfield Hills, MI 48302<br>Telephone: (248) 335-5450 ext. 202 |

### AFFIDAVIT OF MANINDER BHUGRA

STATE OF MICHIGAN    )
                          ) SS.
COUNTY OF INGHAM    )

    1.    This affidavit is made upon personal knowledge, except where otherwise indicated, and if called upon to testify as to the facts herein, I can competently do so.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

Exhibit A

2.  I am one of the Plaintiffs in this case. Mrs. Narinder Bhugra is my mother. She is the personal representative of the Estate of Dr. Satnam Singh Bhugra.

3.  Mrs. Narinder Bhugra is presently unable to sign an affidavit regarding this matter.

4.  I am aware of the fact that my mother, Mrs. Narinder Bhugra, has been medically diagnosed with pulmonary fibrosis, a deteriorating lung condition. As a result, she is required to receive oxygen 24 hours a day. Because of her poor health and her need to take oxygen, leaving her home is very difficult. It is also not possible for her to travel a great distance.

5.  I am aware of the fact that my mother, Mrs. Narinder Bhugra, did not have an opportunity to tell our legal counsel about her pulmonary fibrosis, oxygen requirement and her resulting inability to travel until after the Court had issued its December 14, 2007 Order.

6.  If this case is transferred to California, Mrs. Bhugra could not go there to meet the new attorneys who would take over this case. Also, Mrs. Bhugra would not be able to attend any other proceeding in that state. Also, if this case proceeds to trial, Mrs. Bhugra would be unable to attend that trial if it occurs in California.

_M. Bhugra_
Maninder Bhugra

Sworn and subscribed before me on this
27th day of December, 2007

_Carolyn D. Biegalski_
Carolyn D. Biegalski, Notary Public
County of Livingston
My Commission Expires: 10-12-2008
Acting in Ingham County

CAROLYN D. BIEGALSKI
NOTARY PUBLIC OF LIVINGSTON COUNTY, MI
MY COMMISSION EXPIRES 10/12/2008

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

2                                                                     Exhibit A