Michael W. Caspino, Esq. / SBN 171906
Carlton L. Harpst, Esq. / SBN 66123
BRADY, VORWERCK, RYDER & CASPINO
A Law Corporation
Station Plaza
3100 Oak Road, Suite 250
Walnut Creek, California 94597
Telephone: (925) 274-9500
Fax: (925) 274-9501

Attorneys for Defendants MARRIOTT INTERNATIONAL, INC., CNL HOSPITALITY PARTNERS, L.P., and CNL HOTELS AND RESORTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARINDER BHUGRA, a personal representative of the Estate of Dr. SATNAM SINGH BHUGRA, MANINDER BHUGRA and PAUL BHUGRA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, CNL HOTELS AND RESORTS, INCL., a foreign corporation, CNL HOSPITALITY PARTNERS, LP, a Delaware Limited Partnership, and JOHN DOES, one or more unknown business entities and/or persons,<br><br>Defendant. | Case No. C 07-06491 JCS<br><br><br><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

**INTRODUCTION:**

Pursuant to the order setting Initial Case Management Conference and ADR deadlines, Michael H. Perry of Fraser Tebilocock Davis & Dunlap, P.C., attorneys for plaintiffs and Michael W. Caspino of Brady, Vorwerck, Ryder & Caspino, attorneys for defendants conferred telephonically on March 14, 2008.

This case was transferred from the United States District Court, Western District of Michigan, Southern Division and filed in this district on December 27, 2007.

///

1  Plaintiffs' attorney Michael Perry is not a member of the bar of this court and is not
2  admitted to practice in the State of California. Mr. Perry advised defendants' counsel that
3  plaintiffs' are in the process of finding a California counsel.

**1.  JURISDICTION AND SERVICE**

This court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of costs, and there is diversity of citizenship between the plaintiffs and the defendants.

All parties have been served.

**2.  FACTS**

On May 19, 2005, decedent, Dr. Satnam Singh Bhugra, born on September 1, 1933, was a guest along with his wife and two children, at a hotel owned and/or operated by defendants in Newark, California.

According to the Police and Fire Department reports, at approximately 11:10 p.m., Stephanie Becket, another guest of the hotel first discovered the decedent lying on the floor when she walked into the fitness room of the hotel.

Ms. Becket ran and advised hotel staff to call 9-1-1. Thereafter, two of defendants' employees, Janice Martin and Samir Bentaeib, separately called 9-1-1 to report the incident. The Fire Department Incident Report indicates that they were dispatched at 11:00 p.m. and arrived at the Hotel at 11:16 p.m. and found Mr. Bhugra dead.

The coroner's report concluded that the cause of death was "cardiac insufficiency due to severe calcific atherosclerosis." The report specifically noted: "The left arterior descending artery has stenosis of up to 80% occlusion or a length of 3 x 8 inch. The left circumflex coronary artery has stenosis of up to 99% occlusion over a length of 1 x 8 inch. The right coronary artery has stenosis of up to 75% occlusion over a length of 1 x 4 inch."

However, plaintiffs' attorney disagrees with the inclusion of the Coroner's report in this section.

**3.  LEGAL ISSUES**

Plaintiffs contend that :(1) defendants were negligent in failing to provide reasonable access

to the use of an automatic external defibrillator (AED) within the Hotel's fitness facility, (2) defendants were negligent in failing to train, educate or otherwise inform their employees to timely notify emergency medical services in the event of a medical emergency, (3) each plaintiff suffered damages for the negligent infliction of emotional distress that resulted from witnesses the facts and circumstances associated with the decedent's death, (4) plaintiffs' are entitled to damages pursuant to their survivors' action for pain and suffering experienced by the decedent, and (5) all other issues alleged in the complaint.

Defendants contend that: (1) they had no duty to equip its fitness facility with an AED (*Rotolo vs. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307 [building owners and managers have no duty in the first instance to acquire and install an AED. (*Ibid.* at 775.)] (Review Petition denied by the California Supreme Court)), (2) as demonstrated in the Coroner's report, the decedent's death was caused by a hardening of the coronary arteries, not by a ventricular fibrillation. Therefore, even if an AED had been present in the fitness facility, it would have been completely ineffective and would not have saved the decedent's life, (3) defendants were not negligent in any manner and, in any case, the alleged negligence was not a legal cause of the decedent's death, and (4) plaintiffs have no viable cause of action as a matter of law.

4. **MOTIONS**

Plaintiffs anticipate filing a motion to amend their complaint. The plaintiffs also anticipate filing a motion for a sixty (60) day stay of all proceedings and a 60 day stay of all of the dates stated herein so that they may have a reasonable time within which to locate and retain California counsel.

Defendants intend to file a motion for summary judgment.

5. **AMENDMENT OF PLEADINGS**

Plaintiffs anticipate amending their complaint.

6. **EVIDENCE PRESERVATION**

The parties have forwarded all evidentiary material to their respective counsel to the best of their knowledge.

///

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

3
*JOINT CASE MANAGEMENT CONFERENCE STATEMENT*

7. **DISCLOSURES**

Both parties have initially disclosed the names, addresses, and telephone numbers of each individual likely to have discoverable information when the case was pending in the Western District of Michigan. On March 28, 2008, defendants will also provide a copy of documents that defendants may use to support their defenses.

Due to plaintiffs' inability to find a California counsel, it appears that the parties have been unable to fully and timely comply with the initial disclosure requirements.

8. **DISCOVERY**

Plaintiffs' propounded first set of interrogatories and request for production of documents, which were responded to by defendants.

Defendants propounded interrogatories and requests for production of documents and have not yet received plaintiffs' responses.

Discovery may be needed on all claims and defenses asserted by, and available to, all parties.

Both parties propose the following discovery plan:

| | |
|---|---|
| **May 5, 2008** | Completion of initial disclosure |
| **September 15, 2008** | Completion of written discovery |
| **November 15, 2008** | Completion of Depositions of parties and witnesses |

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

None.

11. **RELIEF**

Plaintiffs are still in the process of ascertaining the amount of damages and the basis thereof for their claims for wrongful death, negligent infliction of emotional distress, and pain and suffering experienced by the decedent and all other damages sought in the complaint.

Defendants, however, deny that plaintiffs are entitled to any relief.

12. **SETTLEMENT AND ADR**

No settlement discussions have occurred to date. The prospects of settlement are presently

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

4
*JOINT CASE MANAGEMENT CONFERENCE STATEMENT*

unknown. Parties have requested an ADR phone conference, which is set for April 1, 2008 at 11:30 a.m. (PST).

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties have already consented to Magistrate Judge for all purposes. However, recently, plaintiffs rescinded their consent.

**14. OTHER REFERENCES**

None.

**15. NARROWING OF ISSUES**

Defendants request this court to bifurcate liability and damages issues, and that trial of the issue of liability as to all causes of action precedes the trial of other issues or parts thereof. If the decision of the court, or the verdict of the jury upon such issue so tried is in favor of any party on whom liability is sought to be imposed, judgment in favor of such parties shall thereupon be entered and no trial of other issues in the action as against such party shall be had unless such judgment shall be reversed upon appeal or otherwise set aside or vacated.

Plaintiffs oppose the bifurcation of the issues of liability and damages and disagree with the defendants' portion of this section.

**16. EXPEDITED SCHEDULED**

No.

**17. SCHEDULING**

Plaintiffs' Michigan counsel earlier discussed and agreed to the following proposed dates:

| Date | Event |
|---|---|
| **December 15, 2008** | Disclosure/designation of experts |
| **February 15, 2009** | Completion of experts' depositions |
| **March 2, 2009** | Discovery Cut-off |
| **May 30, 2009** | Hearing of dispositive motions |
| **June 13, 2009** | Pre-Trial Conference |
| **July 9, 2009** | Trial |

However, subsequently, plaintiffs requested their counsel not to consent to the above proposed dates on the grounds that California counsel should have the opportunity to offer input

into this process. Also, the plaintiffs will file a motion for a 60 day extension of all proceedings and a 60 day extension of all of the following dates. The defendants will oppose that motion.

18. **TRIAL**

Jury trial – 10 to 12 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants filed their Disclosure of Corporate Affiliations and Financial Interest with the Western District of Michigan. However, the parties have not yet filed their certification of Interested Entities or Persons.

CNL Hospitality, G. P. Corp. has 20% and CNL Hospitality, L. P. Corp. has 80% ownership interest in defendant CNL Hospitality Partners, LP.

MS Resorts I, LLC is a parent corporation of defendant CNL Hotels and Resorts, Inc.

Other than the named parties and the above disclosure, there is no such interest to report on the part of defendants.

DATED: March 27, 2008                FRASER TEBILOCOCK DAVIS & DUNLAP, P.C.

By:_____
Michael H. Perry, Esq. (Not Admitted in California)
Attorneys for Plaintiffs NARINDER BHUGRA, a personal representative of the Estate of Dr. SATNAM SINGH BHUGRA, MANINDER BHUGRA and PAUL BHUGRA, individually

DATED: March 28, 2008                BRADY, VORWERCK, RYDER & CASPINO

By: /s/ Rai Sudan
for Michael W. Caspino
Carlton Lee Harpst
Attorneys for Defendants MARRIOTT INTERNATIONAL, INC., CNL HOSPITALITY PARTNERS, L.P., and CNL HOTELS AND RESORTS, INC.

1  DATED: March 28, 2008         FRASER, TEBILOCOCK DAVIS & DUNLAP, P.C.
2
3                                By: /s/ Michael H. Perry
                                     ─────────────────────────────────────
4                                    Michael H. Perry, Esq. (Not Admitted in California)
                                     Attorneys for Plaintiffs NARINDER BHUGRA, a
5                                    personal representative of the Estate of Dr. SATNAM
                                     SINGH BHUGRA, MANINDER BHUGRA and PAUL
6                                    BHUGRA, individually

7  DATED: March 27, 2008          BRADY, VORWERCK, RYDER & CASPINO
8
9
                                  By:_____
10                                    Michael W. Caspino
                                      Carlton Lee Harpst
11                                    Attorneys for Defendants MARRIOTT
                                      INTERNATIONAL, INC., CNL
12                                    HOSPITALITY PARTNERS, L.P., and CNL
                                      HOTELS AND RESORTS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRADY, VORWERCK,
RYDER & CASPINO
3102 OAK ROAD,
STE. 235
WALNUT CREEK, CA 94597

6
────────────────────────────────────────────
*JOINT CASE MANAGEMENT CONFERENCE STATEMENT*