## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

NARINDER BHUGRA, personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

Case No.:  C 07-06491-JCS

Hon. Joseph C. Spero

Plaintiffs,

v

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, L.P., a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

Defendants.

Michael H. Perry (P22890)
Fraser Trebilcock Davis & Dunlap, P.C.
Attorneys for Plaintiffs
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
Telephone:  (517) 482-5800
Fax:  (517) 482-0887

Michael W Caspino
Brady Vorwerck Ryder & Caspino
Attorneys for Defendants
3100 Oak Road, Suite 250
Walnut Creek, CA  94597
Telephone: (925) 274-9500
Fax:  (925) 274-9501

### PLAINTIFFS' COMBINED RESPONSE TO ORDER TO SHOW
### CAUSE AND MOTION FOR 120-DAY STAY OF PROCEEDINGS

NOW COME the Plaintiffs Narinder Bhugra, Maninder Bhugra and Paul Bhugra, by

and through their Michigan attorneys, Fraser Trebilcock Davis & Dunlap, P.C. and by way of

a combined response to the Court's May 9, 2008 Order to Show Cause and a Motion for a

120-day Stay of Proceedings, say onto this Honorable Court as follows:

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

## RESPONSE TO ORDER TO SHOW CAUSE

1.      On May 9, 2008, the Court ordered the Plaintiff to show cause on or before May 22, 2008 why the Plaintiffs' Michigan attorneys' appearance should not be stricken for failure to comply with Civil L.R. 11-3(a).

2.      The Plaintiffs request the Court to not strike the appearance of their Michigan attorneys for at least the next 120 days:

> a.      The Plaintiffs are residents of the State of Michigan.
>
> b.      The Plaintiffs retained their Michigan-based attorneys to commence the instant action in the State of Michigan.
>
> c.      The Plaintiffs commenced this action in the United States District Court for the Western District of Michigan.
>
> d.      At or about the time that the Plaintiffs retained their Michigan-based counsel and commenced this action in the United States District Court for the Western District of Michigan, the Plaintiffs envisioned and anticipated that this action would be handled within the State of Michigan. The Plaintiffs have no contacts with the State of California. Additionally, the medical conditions of at least two of the Plaintiffs, Mrs. Narinder Bhugra and Ms. Maninder Bhugra, preclude them from traveling to and appearing within a court located within the State of California.
>
> e.      The Plaintiffs, both individually and through their Michigan-based attorneys, have endeavored in good faith to locate and secure the services of a California-based attorney to represent the Plaintiffs in this

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

2

action now that venue has been transferred to the United States District Court for the Northern District of California.

f.     The Plaintiffs and their attorneys, to date, have been unable to secure the services of a California attorney to assume the active representation of the Plaintiffs.

g.     The present medical condition of Mrs. Narinder Bhugra and Ms. Maninder Bhugra preclude them from traveling to California to meet with prospective California counsel.   However, the Plaintiffs reasonably anticipate and expect that they shall be able to secure the services of California counsel within the next 120 days.

h.     The Plaintiffs' best interest shall be appropriately served by and upon their retention of California counsel to represent them in this action. For that reason, the Plaintiffs' Michigan-based counsel have not filed a pro hac vice application.   The Plaintiffs and their Michigan-based counsel envision that California counsel shall assume responsibility for the active handling of this matter and it will be unnecessary for the Plaintiff's Michigan-based counsel to participate in the proceedings in the Northern District of California.

WHEREFORE, the Plaintiffs respectfully request the Court to determine that the Plaintiffs have shown cause why the appearance of their Michigan-based counsel should not be stricken pending the Plaintiffs' retention of California counsel within the next 120 days.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

3

## MOTION FOR 120-DAY STAY OF PROCEEDINGS

In conjunction with their response to the Court's Order to Show Cause, the Plaintiffs also respectfully request the Court to stay all proceedings in this matter for 120 days so as to allow the Plaintiffs a reasonable opportunity to retain an attorney in California to undertake the active handling of this matter:

1.     As Justice Cardozo wrote in *Landis v. North American Co.,* 299 U.S. 248, 254-255; 57 S.Ct. 163, 166; 81 L.Ed. 153 (1936):

> "... the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weight competing interests and maintain an even balance." (citations omitted).

2.     As stated above in response to the Court's Order to Show Cause, the Plaintiffs, residents of Michigan with no contacts in the State of California, originally commenced this action in the United States District Court for the Western District of Michigan. The medical condition of at least two of the Plaintiffs, Mrs. Narinder Bhugra and Ms. Maninder Bhugra, have precluded them from traveling to the State of California to meet with prospective legal counsel. However, it is envisioned that within the next 120 days the Plaintiffs shall be able to secure the services of California counsel who well in turn assume full responsibility for the active handling of this matter.

3.     A 120-day stay of proceedings shall not prejudice the Defendants. The jury trial in this matter has been scheduled for August 10, 2009 (Case Management and Pretrial Order, Section I[A], p. 1). A 120-day stay will allow the Plaintiffs' California counsel to become familiar with the facts and circumstances associated with this case and will provide

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

4

Plaintiffs' California counsel with the ability to thereafter participate in the appropriate discovery and motion activities will in advance of the August 10, 2009 trial date.

4.      A stay of all proceedings for 120 days will not have an adverse impact upon the Court's ability to conduct the trial on August 10, 2009.  Rather, granting a stay for 120 days will allow for the maintenance of an "even balance" between the parties and the Court in view of the fact that this matter was originally commenced in the United States District Court for the Western District of Michigan and that venue was transferred to the United States District Court for the Northern District of California.

WHEREFORE, the Plaintiffs respectfully request the Court to exercise its inherent authority to stay these proceedings and to do so for at least 120 days so that the Plaintiffs will have a reasonable opportunity to secure the services of a California attorney to undertake the active handling of this matter.

Respectfully submitted,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Plaintiffs

Dated:  May 21, 2008                    By:  _____
                                             Michael H. Perry  (P 22890)
                                             124 W. Allegan, Suite 1000
                                             Lansing, Michigan  48933
                                             (517) 482-5800

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing document was mailed to all counsel of record on May 21, 2008.

_____
Jane A. Speight

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933