<table>
<tr><td>

NEVADA OFFICE
Telephone (702) 697-6500
Fax (702) 697-6505

ARIZONA OFFICE
Telephone (480) 456-9888
Fax (480) 456-9889

</td><td>

BRADY, VORWERCK, RYDER & CASPINO
A LAW CORPORATION
STATION PLAZA
3100 OAK ROAD, SUITE 250
WALNUT CREEK, CA 94597-4517
TELEPHONE (925) 274-9500
FAX (925) 274-9501
*www.bvrclaw.com*

</td><td>

ORANGE COUNTY OFFICE
Telephone (714) 703-2111
Fax (714) 703-2121

COLORADO OFFICE
Telephone (303) 228-3708
Fax (303) 399-6480

</td></tr>
</table>

Our File No.: MCS 10927

July 15, 2008

**VIA UPS OVERNIGHT DELIVERY**

Karen Hom, Calendar Clerk to
Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Ave.
Courtroom A, 15th Floor
San Francisco, CA  94102

      Re:  *Narinder Bhugra, et al. v. Marriott International, et al.*
          Case No. C 07-06491 JCS

Dear Ms. Hom:

On December 11, 2007, defendants served interrogatories and request for production of documents on plaintiffs.  Further, on February 25, 2008, defendants served special interrogatories on plaintiffs.

Thereafter, we sent two letters dated May 14, 2008 and June 25, 2008, respectively, to plaintiffs' counsel requesting that plaintiffs provide responses to defendants' discovery requests. As of today, plaintiffs' counsel has failed to respond to any of our letters or discovery requests.

Apparently plaintiffs' counsel does not seem to be interested in a meet and confer.  Moreover, plaintiffs' counsel is located in Lansing, Michigan and therefore, it is not time and cost effective to personally meet and confer.

In view of the above, defendants' respectfully request that the court accept the enclosed motion for filing and set that for a hearing, if necessary.

          Respectfully submitted,

          Ravi Sudan

SUD:psc
cc:   Michael H. Perry
     Fraser Trebilcock Davis & Dunlap, P.C.
     124 W. Allegan, Ste. 1000
     Lansing, MI 48933
Enclosures

1   Michael W. Caspino, Esq. / SBN 171906
    Ravi Sudan, Esq. / SBN 146858
2   BRADY, VORWERCK, RYDER & CASPINO
    A Law Corporation
3   Station Plaza
    3100 Oak Road, Suite 250
4   Walnut Creek, California 94597
    Telephone: (925) 274-9500
5   Fax: (925) 274-9501

6   Attorneys for Defendants MARRIOTT INTERNATIONAL, INC.,
    CNL HOSPITALITY PARTNERS, L.P., and CNL HOTELS AND RESORTS, INC.

7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  NARINDER BHUGRA, a personal              Case No. C 07-06491 JCS
    representative of the Estate of Dr. SATNAM
12  SINGH BHUGRA, MANINDER BHUGRA           **DEFENDANTS' NOTICE OF MOTION**
    and PAUL BHUGRA, individually,          **AND MOTION TO COMPEL**
13                                          **PLAINTIFFS' DISCOVERY**
                                            **RESPONSES; MEMORANDUM OF**
14              Plaintiffs,                  **POINTS AND AUTHORITIES;**
                                            **DECLARATION OF RAVI SUDAN;**
15          v.                              **[PROPOSED] ORDER**

16  MARRIOTT INTERNATIONAL, INC., a
    Delaware Corporation, CNL HOTELS AND
17  RESORTS, INC., a foreign corporation, CNL
    HOSPITALITY PARTNERS, LP, a Delaware
18  Limited Partnership, and JOHN DOES, one or
    more unknown business entities and/or persons,
19
                Defendant.
20

21  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that defendants, Marriott International, Inc., CNL Hotels and

23  Resorts, Inc., and CNL Hospitality Partners, LP (collectively "Defendants") hereby move the

24  above entitled court for an order to compel plaintiffs' to respond to defendants' interrogatories (1

25  to 12), request for production of documents, and interrogatories (13 to 24), and to award monetary

26  sanctions in the sum of $640 against plaintiffs and their attorneys of record.

27          This motion is made pursuant to *Federal Rules of Civil Procedure*, Rule 37 and is based on

28  this notice, the attached memorandum of points and authorities, the attached declaration of Ravi

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

1

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

1  Sudan, the attached exhibits, the court's file, and on any additional oral or documentary evidence

2  as the court permits at the hearing on this matter.

3

4  DATED:  July 15, 2008                BRADY, VORWERCK, RYDER & CASPINO

5

6  By: _____

7       MICHAEL W. CASPINO
        RAVI SUDAN

8       Attorneys for Defendants MARRIOTT
        INTERNATIONAL, INC., CNL

9       HOSPITALITY PARTNERS, L.P., and CNL
        HOTELS AND RESORTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

2

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points
And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

This case involves the death of Dr. Satnam Singh Bhugra ("Dr. Bhugra"), which occurred while he was a guest at Defendants' hotel in Newark, California on May 19, 2005. Plaintiffs, Narinder, Maninder, and Paul Bhugra, the widow and two adult children, respectively, of Dr. Bhugra have sued Defendants for wrongful death and negligent infliction of emotional distress. In addition, Narinder Bhugra is asserting a survivor's claim against Defendants.

To obtain information necessary to the litigation, Defendants propounded discovery on Plaintiffs. Specifically, on December 11, 2007, Defendants propounded Interrogatories (1 to 12) and Request for Production of Documents. (See Exhibit "A" to Sudan's Declaration.) Plaintiffs did not respond to the requests. Then, on February 25, 2008, Defendants propounded Special Interrogatories (13 to 24) on plaintiffs. (See Exhibit "B" to Sudan's Declaration.) Again, Plaintiffs did not respond.

In an effort to meet and confer, on May 14, 2008, Defendants sent Plaintiffs a letter, requesting responses to their discovery requests. (See Exhibit "C" to Sudan's Declaration.) Plaintiffs never responded to the letter.

In yet another attempt to meet and confer, Defendants sent another letter to Plaintiffs, requesting that Plaintiffs respond to Defendants' discovery requests. Once again and not surprisingly, Defendants' letter was ignored. (See Exhibit "D" to Sudan's Declaration.)

Compounding the importance of the discovery responses, the court, on April 4, 2008, held a case management conference, in which it referred the case to Early Neutral Evaluation ("ENE") to be completed within 120 days. The 120 day period expires on August 3, 2008.

To date, Defendants have not received a single response to any of its discovery requests.

## 2.    THIS COURT IS EMPOWERED TO ISSUE AN ORDER COMPELLING DISCOVERY.

*Federal Rules of Civil Procedure*, Rule 37(a)(1) states in pertinent part, "On Notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Rule 37(a)(3) states in pertinent part, "A party seeking discovery may move for an

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

3

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

1 order compelling an answer, designation, production, or inspection.  This motion may be made if

2 ... (iii) a party *fails to answer an interrogatory* submitted under Rule 33, or (iv) a party *fails to*

3 *respond that inspection will be permitted – or fails to permit inspection* – as requested under rule

4 34." (Emphasis added.)

5 **3.    PLAINTIFFS' FAILED TO RESPOND TO DEFENDANTS' DISCOVERY**

6 **REQUESTS.**

7     A party is required to serve its responses to interrogatories, including any objections, within

8 30 days of being served with the interrogatories.  *Federal Rules of Civil Procedure*, Rule 33(b)(2).

9 Likewise, a party is required to serve its responses and any objections to a request to produce

10 documents, within 30 days of being served with a request.  Federal Rules of Civil Procedure, Rule

11 34(b)(2).  Failure to object to discovery requests in a timely fashion constitutes a waiver of any

12 objections.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

13     Defendants served Interrogatories (1-12) and Request for Production of Documents on

14 Plaintiffs on December 11, 2007.  Plaintiffs' responses were due on January 10, 2008, however,

15 plaintiffs never responded.  Defendants then served Special Interrogatories (12-24) on Plaintiffs on

16 February 25, 2008.  Plaintiffs' responses were due on March 26, 2008, but again, Plaintiffs never

17 responded.  Defendants then attempted to meet and confer with plaintiffs on this issue, but

18 Defendants' efforts were repeatedly and completely rebuffed.

19     Clearly, Plaintiffs' responses are now long overdue.  In addition to the general need to

20 engage in the discovery process, Plaintiffs' failure to respond seriously hampers Defendants'

21 ability to adequately prepare for the upcoming court ordered ENE.  Plaintiffs' refusal to respond to

22 Defendants' discovery requests is plainly inexcusable.

23 **4.    PLAINTIFFS SHOULD BE SANCTIONED FOR THEIR FAILURE TO RESPOND**

24 **TO DEFENDANTS' DISCOVERY REQUESTS.**

25     Plaintiffs' blatant refusal to respond to Defendants' discovery requests warrants an award of

26 sanctions.  Federal Rules of Civil Procedure, Rule 37(a)(1) provides in pertinent part:

27     If the motion [to compel] is granted – or if the disclosure or requested discovery is

28     provided after the motion was filed – the court must, after giving an opportunity to

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

4

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points
And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

1    be heard, require the party or deponent whose conduct necessitated the motion, the

2    party or attorney advising that conduct, or both to pay the movant's reasonable

3    expenses incurred in making the motion, including attorney's fees.

4        Defendants' attorneys expended two and a half hours in legal research and drafting this

5    motion and expect to expend approximately one and one-half hours in drafting a reply should

6    Plaintiffs file an opposition.   Defendants' attorneys' rate of compensation is $160 per hour.

7    Therefore, Defendants are entitled to $640 (4 hours x $160 per hour) in sanctions from Plaintiffs

8    and their attorneys.

9    **5.    CONCLUSION.**

10       Based on the foregoing, Defendants respectfully request the court to issue an order,

11   compelling Plaintiffs to respond to Defendants' discovery requests imposing sanctions in the

12   amount of $640 against Plaintiffs and their attorneys of record Michael H. Perry, jointly and

13   severally.

14

15   DATED: July 15, 2008                BRADY, VORWERCK, RYDER & CASPINO

16

17   By: _Ravi Sudan._ _____
         MICHAEL W. CASPINO

18       RAVI SUDAN
         Attorneys for Defendants MARRIOTT

19       INTERNATIONAL, INC., CNL
         HOSPITALITY PARTNERS, L.P., and CNL

20       HOTELS AND RESORTS, INC.

21

22

23

24

25

26

27

28

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

5

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points
And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

### DECLARATION OF RAVI SUDAN

I, Ravi Sudan, declare:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am a partner with the law firm of Brady, Vorwerck, Ryder & Caspino, attorneys for defendants.

2.      I have personal knowledge of the facts stated I this declaration except as otherwise stated and if called upon, could and would competently testify to them.

3.      Attached hereto as Exhibit "A" is a true and correct copy of the December 11, 2007, letter to plaintiffs' counsel enclosing Interrogatories, Requests for Production of Documents and proof of service.

4.      Attached hereto as Exhibit "B" is a true and correct copy of Special Interrogatories served on plaintiffs' counsel on February 25, 2008.

5.      On May 14, 2008, I sent Plaintiffs' counsel a letter, requesting Plaintiffs' outstanding responses to Defendants' discovery requests.  I received no response to my letter.  A true and correct copy of my letter is attached hereto as Exhibit "C."

6.      On June 25, 2008, I again sent Plaintiffs' counsel a letter requesting Plaintiffs' outstanding responses to defendants' discovery requests.  Again, I received no response to my letter.  A true and correct copy of my letter is attached hereto as Exhibit "D."

7.      I have spent more than 2.5 hours in the attempts to solicit discovery responses from plaintiffs, conducting legal research, and preparing this motion.  I anticipate that approximately 1.5 hours will be spent in reviewing plaintiffs' opposition and preparing defendants' reply, should an opposition be filed.  In this case, our firm's billing rate is $160 per hour for attorneys' fees.    As

///

///

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

6

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

1   such, defendants have already incurred $400 in attorneys' fees.  It is anticipated that defendants'

2   would incur an additional $240 should an opposition to this motion be filed.

3       I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5       Executed this 15th day of July, 2008, in Orange, California.

6

7

8   RAVI SUDAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points
And Authorities; Declaration Of Ravi Sudan; [Proposed] Order*

# Kallas & Henk PC

**Attorneys and Counselors**
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450
Fax: (248) 335-9889

| | |
|---|---|
| Constantine N. Kallas | John F. Fleming |
| Leonard A. Henk | Michele L. Riker-Semon |
| Howard C. Treado | Michael C. O'Malley |
| Wayne A. Geik | Brendan J. Canfield |
| Kenneth S. Dombrowski | Courtney A. Cooper |

December 11, 2007

Michael H. Perry, Esquire
Fraser, Trebilcock, Davis & Dunlap, PC
124 W. Allegan, Suite 1000
Lansing, Michigan 48933

**Estate of Bhugra v. Marriott, et al**
**Our File No:  05260-07137**

Dear Mr. Perry:

With respect to the above-referenced matter, enclosed please find Interrogatories, Request for Production of Documents and Proof of Service.

In the event you should have any questions, please feel free to contact our office. Thank you for your assistance.

Very truly yours,

**Kallas & Henk PC**

Leonard A. Henk @ Ext. 202
lhenk@kallashenk.com
Assistant, Kelly Chirikas  Ext. 226

Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER BHUGRA, a personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

        Plaintiffs,                  Case No: 1:07 CV0482

-vs-                                  HON.: ROBERT JONKER

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, LP, a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

        Defendants.

                                            /

| | |
|---|---|
| MICHAEL H. PERRY (P22890)<br>Fraser, Trebilcock, Davis & Dunlap, PC<br>Attorneys for Plaintiffs<br>124 W. Allegan; Suite 1000<br>Lansing, Michigan 48933<br>(517) 482-5800 | LEONARD A. HENK (P26651)<br>**Kallas & Henk PC**<br>Attorney for Defendants Marriott, CNL<br>Hotels, and CNL Hospitality Only<br>43902 Woodward Ave. Suite 200<br>Bloomfield Hills, Michigan 48302<br>(248) 335-5450 ext. 202 |

                                            /

## <u>INTERROGATORIES TO PLAINTIFF</u>

      NOW COME Defendants herein, MARRIOTT INTERNATIONAL, INC., CNL

HOTELS AND RESORTS, INC., and CNL HOSPITALITY PARTNERS, LP, by and through their

attorneys, KALLAS & HENK, P.C., and submit the following Interrogatories to be answered under

oath, separately and fully, pursuant to Rule 2.309(B) of the Michigan Court Rules. The Answers

must be served upon the undersigned attorney within twenty-eight (28) days from the date of

service upon said party. The Answers should be signed and sworn to by the person making said

Answers to the Interrogatories. However, said Answers should include information obtained by and

available to said party and all agents, servants and employees, representatives, private

investigators or others who are in possession of or who may have information for or on behalf of said party.

THESE INTERROGATORIES SHALL BE DEEMED CONTINUING AND SUPPLEMENTAL ANSWERS SHALL BE REQUIRED IMMEDIATELY UPON RECEIPT THEREOF, IF SAID PARTY DIRECTLY OR INDIRECTLY OBTAIN FURTHER OR DIFFERENT INFORMATION FROM THE TIME THE ANSWERS ARE SERVED TO THE TIME OF TRIAL.

1.      Please state the decedent's full name, age, date of birth, last address and Social Security number.

**ANSWER:**

2.      Please state all addresses, including the length of time, where the decedent resided within the last ten (10) years.

**ANSWER:**

3.      Please state the extent of the decedent's formal education and/or special training.

**ANSWER:**

4.      With reference to the decedent's employment on the date of this incident, please state the name and address of his employer.

**ANSWER:**

5.    With reference to the decedent's employment record for the past (5) years, please state the name and address of each employer.

**ANSWER:**

6.    Please state whether the decedent had ever been hospitalized prior to said incident, If so, further state:

      a.    The name and address of each hospital, clinic or other medical institution;

**ANSWER:**

7.    Please state the name and address and speciality of any doctor or health care provider decedent saw for any condition during the 7 year period prior to his death.

**ANSWER:**

8.    Please itemize the financial loss to each to each person claiming loss of support due to the death of the decedent.

**ANSWER:**

9.    Have you or anyone acting on your behalf, obtained statements, in any form, from any person regarding the events or happenings that occurred at the scene of said incident? If so, please state:

      a.    The name, address and telephone number of each person from whom such statements were taken;

**ANSWER:**

10.    Was an investigation made by you or anyone acting on you behalf concerning the circumstances of said incident?  If so, please state:

      a.    The name and address of each person who made the investigation;

**ANSWER:**

11.    State the name and dosage of any prescription and non prescription medication decedent was taking at the time of his death, the reason for the medication and who prescribed it.

**ANSWER:**

12.    Please state, in as much detail as possible, the activities in which the Decedent engaged during the twenty-four (24) hour period prior to the alleged incident.  In answering this interrogatory, please include:

      a.    Where the decedent was during said period;

      b.    The name and address of anyone who accompanied the Decedent during said period;

      c.    The activities in which the Decedent engaged during said period;

**ANSWER:**

I have read the foregoing Answers to Interrogatories and know the contents thereof.  These Answers are true to the best of my knowledge, information and belief.

_____

NARINDER BHUGRA

Sworn and subscribed to before me this
the_____day of _____, 2007.


_____
                               , Notary Public,
_____County, Michigan.
My Commission Expires:


**Kallas & Henk PC**

_____
LEONARD A. HENK (P26651)
Attorney for Defendants Marriott, CNL
Hotels, and CNL Hospitality Only
lhenk@kallashenk.com
43902 Woodward Ave., Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450, Ext. 202


Dated:  December 10, 2007

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER BHUGRA, a personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

        Plaintiffs,

-vs-

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, LP, a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

        Defendants.

Case No: 1:07 CV0482

HON.: ROBERT JONKER

| | |
|---|---|
| MICHAEL H. PERRY (P22890)<br>Fraser, Trebilcock, Davis & Dunlap, PC<br>Attorneys for Plaintiffs<br>124 W. Allegan, Suite 1000<br>Lansing, Michigan 48933<br>(517) 482-5800 | LEONARD A. HENK (P26651)<br>**Kallas & Henk PC**<br>Attorney for Defendants Marriott, CNL<br>Hotels, and CNL Hospitality Only<br>43902 Woodward Ave. Suite 200<br>Bloomfield Hills, Michigan 48302<br>(248) 335-5450 ext. 202 |

## REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

NOW COME Defendants, by and through their attorneys, KALLAS & HENK, P.C., and for

their Request For Production Of Documents made pursuant to MCR 2.310, hereby request the

following documents be produced within 28 days of the receipt of this request at the offices of

KALLAS & HENK, P.C., which are located at 43902 Woodward Avenue, Suite 200, Bloomfield

Hills, Michigan 48302.

For the purpose of this request, the term "document" shall include all writings, drawings,

graphs, charts, photographs, stenographic records and recordings and other data compilations

from which information can be obtained and translated, if necessary, by the respondent through

detection devices into reasonably usable form.

The documents requested to be produced are as follows:

1.    Any photographs, video tapes, diagrams, or other depictions of the scene of the incident, the individuals involved, the Plaintiffs, or other persons or items relevant to this litigation.

2.    Any expert report prepared in connection with this litigation.

3.    Any physician reports, hospital records, x-ray reports, discharge and admission summaries, physical therapy notes or other medical records which support your claims for damages.

4.    Any documents, writings, statutes, ordinances, or other items on which you can or will rely to support your claim for liability.

5.    Any and all medical records which support your claim for damages.

6.    Any and all statements taken of witnesses or parties to this accident.

7.    Plaintiff is requested to produce all of the decedent's State of Michigan and Federal income tax returns for each of the 5 years prior to the date of the incident as alleged in the Complaint.

**Kallas & Henk PC**

LEONARD A. HENK (P26651)
Attorney for Defendants
lhenk@kallashenk.com
43902 Woodward Ave., Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450, Ext. 202

Dated: December 10, 2007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARINDER BHUGRA, a personal representative of
the Estate of DR. SATNAM SINGH BHUGRA,
deceased and NARINDER BHUGRA,
MANINDER BHUGRA and PAUL BHUGRA,
individually,

        Plaintiffs,                        Case No: 1:07 CV0482

-vs-                                    HON.: ROBERT J. JONKER

MARRIOTT INTERNATIONAL, INC., a
Delaware Corporation, CNL HOTELS AND
RESORTS, INC., a foreign corporation, CNL
HOSPITALITY PARTNERS, LP, a Delaware
Limited Partnership, and JOHN DOES, one or
more unknown business entities and/or persons,

        Defendants.

                                                        /

| | |
|---|---|
| MICHAEL H. PERRY (P22890)<br>Fraser, Trebilcock, Davis & Dunlap, PC<br>Attorneys for Plaintiffs<br>124 W. Allegan, Suite 1000<br>Lansing, Michigan 48933<br>(517) 482-5800 | LEONARD A. HENK (P26651)<br>**Kallas & Henk PC**<br>Attorney for Defendants Marriott, CNL<br>Hotels, and CNL Hospitality Only<br>43902 Woodward Ave. Suite 200<br>Bloomfield Hills, Michigan 48302<br>(248) 335-5450 ext. 202 |

                                                         /

### PROOF OF SERVICE

      The undersigned certifies that on the 11th day of December, 2007, she did serve
**Interrogatories, Request for Production of Documents and Proof of Service** upon:

Michael H. Perry, Esquire
Fraser, Trebilcock, Davis & Dunlap, PC
124 W. Allegan, Suite 1000
Lansing, Michigan 48933

by placing the same in a United States mail receptacle with proper postage prepaid thereon, and
by depositing the same in the United States mail at Bloomfield Hills, Michigan. I declare under the
penalty of perjury that the statement above is true to the best of my information, knowledge, and
belief.

KELLY CHIRIKAS

*MCS 10427*
*DISCOVERY*

1   Norine M. Busser, SBN 143363
    BRADY, VORWERCK, RYDER & CASPINO
2   A Law Corporation
    Station Plaza
3   3100 Oak Road, Suite 250
    Walnut Creek, California 94597
4   Telephone: (925) 274-9500
    Fax: (925) 274-9501
5
    Attorneys for Defendants MARRIOTT INTERNATIONAL, INC., CNL HOSPITALITY PARTNERS,
6   L.P., and CNL HOTELS AND RESORTS, INC.

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  NARINDER BHUGRA, a personal              Case No. C 07-06491 JCS
    representative of the Estate of DR. SATNAM
12  SINGH BHUGRA, MANINDER BHUGRA            **SPECIAL INTERROGATORIES TO**
    and PAUL BHUGRA, individually            **PLAINTIFFS**
13
14           Plaintiffs,

15           vs.

16  MARRIOTT INTERNATIONAL, INC., a
17  Delaware Corporation, CNL HOTELS AND
    RESORTS, INC., a foreign corporation, CNL
18  HOSPITALITY PARTNERS, LP, a Delaware
    Limited Partnership, and JOHN DOES, one or
19  more unknown business entities and/or persons,
20
21           Defendants.

22

23           Pursuant to Federal Rule of Civil Procedure 33, Defendants request that Plaintiffs answer

24  the following interrogatories:

25  ///

26  ///

27  ///

28  ///

                              EXHIBIT *b*

ADY, VORWERCK
& RYDER                                          1
3100 Oak Road
Suite 250            SPECIAL INTERROGATORIES TO PLAINTIFFS
nut Creek, CA 94597

**INTERROGATORY NO. 13:**

State all facts which support your contention, set forth in paragraphs 17a and 18a of your complaint, that defendants failed to "hire competent and capable employees to work at the hotel, among other things, know how to use a telephone and know how to hit the telephone's buttons for '9-1-1' in an emergency situation."

**INTERROGATORY NO. 14:**

State all facts which support your contention, set forth in paragraphs 17b and 18b of your complaint, that defendants failed to "train, educate and otherwise inform the hotel's employees on how to use a telephone and in particular on how to hit the buttons for '9-1-1' in an emergency situation."

**INTERROGATORY NO. 15:**

State all facts which support your contention, set forth in paragraphs 17c and 18c of your complaint, that defendants failed to "train, educate and otherwise inform the hotel's employees to timely notify emergency medical services in the event that one of the defendant's guests is having a medical emergency."

**INTERROGATORY NO. 16:**

State all facts which support your contention, set forth in paragraphs 17d and 18d of your complaint, that defendants failed to "equip the hotel's fitness facility with, among other things, a telephone so that a hotel guest who may be experiencing a medical emergency will have the opportunity to timely use said telephone to contact '9-1-1'."

**INTERROGATORY NO. 17:**

State all facts which support your contention, set forth in paragraphs 17e and 18e of your complaint, that defendants failed to "equip the hotel fitness facility and/or to otherwise provide within the hotel a reasonable accessible automatic external defibrillator (AED) for use in the event that one of the hotel's guests may require the use thereof."

///

///

:ADY, VORWERCK
& RYDER
3100 Oak Road
Suite 250
lnut Creek, CA  94597

2

SPECIAL INTERROGATORIES TO PLAINTIFFS

**INTERROGATORY NO. 18:**

State all facts which support your contention, set forth in paragraphs 17f and 18f of your complaint, that defendants failed to "timely train, inform and otherwise advise the hotel's employees as to the existence and availability of an AED and to arrange for said employee's training in the use thereof."

**INTERROGATORY NO. 19:**

State all facts which support your contention, set forth in paragraphs 17g and 18h of your complaint, that defendants' employees "failed to timely contact '9-1-1' and otherwise failed to timely assist Dr. Satnam Singh Bhugra."

**INTERROGATORY NO. 20:**

State all facts which support your contention, set forth in paragraphs 17h and 18i of your complaint, that defendants' employees "failed to promptly notify Mrs. Narinder Bhugra of the existence of her husband's medical emergency on May 19, 2005."

**INTERROGATORY NO. 21:**

State all facts which support your contention, set forth in paragraph 21 of your complaint that "as a proximate result of one or both of the defendant's negligence, as described above, the plaintiff's decedent's medical emergency was allowed to develop to a point at which the plaintiff's decedent died without receiving timely medical care."

**INTERROGATORY NO. 22:**

State all facts which support your contention, set forth in paragraphs 35, 43, and 51 of your complaint, that plaintiffs witnessed the facts and circumstances associated with Dr. Bhugra's medical emergency and resulting passing.

**INTERROGATORY NO. 23:**

State all facts which support your contention, set forth in paragraphs 36, 44, and 52 of your complaint, that defendants' employees failed to timely notify plaintiffs of the existence of Dr. Bhugra's medical emergency and the status thereof.

///

RADY, VORWERCK
& RYDER
3100 Oak Road
Suite 250
Walnut Creek, CA  94597

3

SPECIAL INTERROGATORIES TO PLAINTIFFS

**INTERROGATORY NO. 24**:

State all facts which support your contention, set forth in paragraphs 37, 45, and 53 of your complaint, that defendants' employees failed and refused to allow the plaintiffs to come near, touch and hold Dr. Bhugra.

DATED: *2·21· 08*

BRADY, VORWERCK, RYDER & CASPINO

Norine M. Busser
Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC., CNL
HOSPITALITY PARTNERS, L.P., and CNL
HOTELS AND RESORTS, INC.

BRADY, VORWERCK
& RYDER
3100 Oak Road
Suite 250
Walnut Creek, CA 94597

4

SPECIAL INTERROGATORIES TO PLAINTIFFS

**PROOF OF SERVICE**
**Bhugra et al. v. Marriott International, Inc., et al.**
**Case No. C 07-06491 JCS**

I, ANN CALVILLO, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3100 Oak Road, Suite 250, Walnut Creek, CA 94597. On February 25, 2008, I served the document(s) described as **SPECIAL INTERROGATORIES TO PLAINTIFFS** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

      Plaintiffs' Counsel:
      Michael H. Perry, Esq.
      Fraser Tebilocock Davis & Dunlap, P.C.
      124 W. Allegan, Ste. 1000
      Lansing, MI 48933

☒    BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 3100 Oak Road, Suite 250, Walnut Creek, CA 94597 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at 3100 Oak Road, Suite 250, Walnut Creek, CA 94597.

☐    BY FACSIMILE TRANSMISSION: On, at [TIME], I transmitted the above entitled document by fax to each counsel listed to the fax machine telephone number listed for each counsel. The telephone number on the fax machine I used is (925) 274-9501 and the fax machine complied with Rule 2.300(3). The transmission was reported as complete and without error. The transmission report was properly issued by the sending fax machine and, pursuant to Rule 2.306 (g)(4), a copy of the transmission report is attached to this declaration.

☐    [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    [Federal]    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 25, 2008, at Walnut Creek, California.

                          _____
                          ANN CALVILLO

NEVADA OFFICE
Telephone (702) 697-6500
Fax (702) 697-6505

ARIZONA OFFICE
Telephone (480) 456-9888
Fax (480) 456-9889

**BRADY, VORWERCK, RYDER & CASPINO**
A LAW CORPORATION
790 THE CITY DRIVE, FOURTH FLOOR
ORANGE, CALIFORNIA 92868-4941
TELEPHONE (714) 703-2111
FAX (714) 703-2121
*www.bvrclaw.com*

NORTHERN CALIFORNIA OFFICE
Telephone (925) 274-9500
Fax (925) 274-9501

COLORADO OFFICE
Telephone (303) 228-3708
Fax (303) 399-6480

Our File No.: MCS 10927

May 14, 2008

**VIA FACSIMILE (517) 482-0887 AND U.S. MAIL**

Michael H. Perry, Esq.
Fraser, Trebilcock, Davis & Dunlap, P.C.
124 W. Allegan, Ste. 1000
Lansing, MI 48933

Re:   *Bhugra v. Marriott International, Inc., et al.*

Dear Mr. Perry:

On 12-11-07, your office was served with defendants' interrogatories (1 to 12) and request for production of documents propounded on plaintiffs. Thereafter, on 2-25-08, our office served your office with defendants' special interrogatories (13 to 24) propounded on plaintiffs. As of today, we have not received plaintiffs' responses to the above.

We request that your office provide plaintiffs' full and complete responses to the above discovery requests and provide documents, without objections, on or before 5-22-08. If we do not receive plaintiffs' verified responses and documents by 5-22-08, we will be left with no alternative but to bring a motion to compel.

Very truly yours,

Ravi Sudan

SUD:psc



EXHIBIT C

# Confirmation Report — Memory Send

Page            : 001
Date & Time: May-14-08   08:42
Line 1        :
E-mail        :
Machine ID :

| | | |
|---|---|---|
| Job number | : | 719 |
| Date | : | May-14 08:41 |
| To | : | ☎15174820887 |
| Number of pages | : | 001 |
| Start time | : | May-14 08:41 |
| End time | : | May-14 08:42 |
| Pages sent | : | 001 |
| Status | : | OK |

Job number        : 719              *** SEND SUCCESSFUL ***

---

NEVADA OFFICE
Telephone (702) 697-6500
Fax (702) 697-6505

ARIZONA OFFICE
Telephone (480) 456-0828
Fax (480) 456-9889

**BRADY, VORWERCK, RYDER & CASPINO**
A LAW CORPORATION
790 THE CITY DRIVE, FOURTH FLOOR
ORANGE, CALIFORNIA 92868-4941
TELEPHONE (714) 703-2111
FAX (714) 703-2121
*www.bvrclaw.com*

NORTHERN CALIFORNIA OFFICE
Telephone (925) 274-0500
Fax (925) 274-9501

COLORADO OFFICE
Telephone (303) 225-3708
Fax (303) 399-6480

May 14, 2008

Our File No.: MCS 10927

**VIA FACSIMILE (517) 482-0887 AND U.S. MAIL**

Michael H. Perry, Esq.
Fraser, Trebilcock, Davis & Dunlap, P.C.
124 W. Allegan, Ste. 1000
Lansing, MI 48933

Re:    *Bhugra v. Marriott International, Inc., et al.*

Dear Mr. Perry:

On 12-11-07, your office was served with defendants' interrogatories (1 to 12) and request for production of documents propounded on plaintiffs. Thereafter, on 2-25-08, our office served your office with defendants' special interrogatories (13 to 24) propounded on plaintiffs. As of today, we have not received plaintiffs' responses to the above.

We request that your office provide plaintiffs' full and complete responses to the above discovery requests and provide documents, without objections, on or before 5-22-08. If we do not receive plaintiffs' verified responses and documents by 5-22-08, we will be left with no alternative but to bring a motion to compel.

Very truly yours,

*Ravi Sudan*

Ravi Sudan

SUD:psc

NEVADA OFFICE
Telephone (702) 697-6500
Fax (702) 697-6505

ARIZONA OFFICE
Telephone (480) 456-9888
Fax (480) 456-9889

BRADY, VORWERCK, RYDER & CASPINO
A LAW CORPORATION
790 THE CITY DRIVE, FOURTH FLOOR
ORANGE, CALIFORNIA 92868-4941
TELEPHONE (714) 703-2111
FAX (714) 703-2121
*www.bvrclaw.com*

NORTHERN CALIFORNIA OFFICE
Telephone (925) 274-9500
Fax (925) 274-9501

COLORADO OFFICE
Telephone (303) 228-3708
Fax (303) 399-6480

June 25, 2008

Our File No.: MCS 10927

**VIA FACSIMILE (517) 482-0887 AND U.S. MAIL**

Michael H. Perry, Esq.
Fraser, Trebilcock, Davis & Dunlap, P.C.
124 W. Allegan, Ste. 1000
Lansing, MI 48933

Re:   Bhugra v. Marriott International, Inc., et al.

Dear Mr. Perry:

On May 14, 2008, in an attempt to meet and confer, we sent a letter to your office requesting responses and documents to defendants' interrogatories, defendants' request for production of documents, and defendants' special interrogatories, all of which were past due.  To date, you have not sent us plaintiffs' responses and documents.

As you know, on April 4, 2008, the Court referred this case to Early Neutral Evaluation (ENE), ordering that it occur within 120 days, which is by August 3, 2008.  In order to meaningfully participate in the ENE, defendants must be in full receipt of plaintiffs' discovery responses and documents.

Therefore, we again request that you provide us with full and complete responses to the above discovery requests and provide documents, without objections, on or before June 30, 2008.  If we do not receive plaintiffs' verified responses and documents by that date, we will have no alternative but to file a motion to compel.

Please consider this letter another attempt by defendants to meet and confer on this issue.

Very truly yours,

Ravi Sudan

SUD:lot



# Confirmation Report — Memory Send

```
                                Page      : 001
                                Date & Time: Jun-25-08  11:40
                                Line 1    :
                                E-mail    :
                                Machine ID :
```

Job number            :    974

Date                  :    Jun-25 11:40

To                    : ☎15174820887

Number of pages       :    001

Start time            :    Jun-25 11:40

End time              :    Jun-25 11:40

Pages sent            :    001

Status                :    OK

Job number      :  974              *** SEND SUCCESSFUL ***

---

**NEVADA OFFICE**
Telephone (702) 697-6500
Fax (702) 697-6505

**ARIZONA OFFICE**
Telephone (480) 456-9888
Fax (480) 456-9889

**BRADY, VORWERCK, RYDER & CASPINO**
A LAW CORPORATION
790 THE CITY DRIVE, FOURTH FLOOR
ORANGE, CALIFORNIA 92868-4941
TELEPHONE (714) 703-2111
FAX (714) 703-2121
www.bvrclaw.com

**NORTHERN CALIFORNIA OFFICE**
Telephone (925) 274-9500
Fax (925) 274-9301

**COLORADO OFFICE**
Telephone (303) 228-3708
Fax (303) 399-6480

June 25, 2008

Our File No.: MCS 10927

**VIA FACSIMILE (517) 482-0887 AND U.S. MAIL**

Michael H. Perry, Esq.
Fraser, Trebilcock, Davis & Dunlap, P.C.
124 W. Allegan, Ste. 1000
Lansing, MI 48933

Re:   Bhugra v. Marriott International, Inc., et al.

Dear Mr. Perry:

On May 14, 2008, in an attempt to meet and confer, we sent a letter to your office requesting responses and documents to defendants' interrogatories, defendants' request for production of documents, and defendants' special interrogatories, all of which were past due. To date, you have not sent us plaintiffs' responses and documents.

As you know, on April 4, 2008, the Court referred this case to Early Neutral Evaluation (ENE), ordering that it occur within 120 days, which is by August 3, 2008. In order to meaningfully participate in the ENE, defendants must be in full receipt of plaintiffs' discovery responses and documents.

Therefore, we again request that you provide us with full and complete responses to the above discovery requests and provide documents, without objections, on or before June 30, 2008. If we do not receive plaintiffs' verified responses and documents by that date, we will have no alternative but to file a motion to compel.

Please consider this letter another attempt by defendants to meet and confer on this issue.

Very truly yours,

*Ravi Sudan.*

Ravi Sudan

SUD:lot

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   NARINDER BHUGRA, a personal              Case No. C 07-06491 JCS
     representative of the Estate of Dr. SATNAM
12   SINGH BHUGRA, MANINDER BHUGRA            **[PROPOSED] ORDER**
     and PAUL BHUGRA, individually,
13
                    Plaintiffs,
14
            v.
15
     MARRIOTT INTERNATIONAL, INC., a
16   Delaware Corporation, CNL HOTELS AND
     RESORTS, INC., a foreign corporation, CNL
17   HOSPITALITY PARTNERS, LP, a Delaware
     Limited Partnership, and JOHN DOES, one or
18   more unknown business entities and/or persons,

19                  Defendant.

20

21         On _____, 2008, at _____, in Department ____ of the above-entitled court, Defendants'

22   motion to compel Plaintiffs' discovery responses came on regularly for hearing before the

23   undersigned.

24   ///

25   ///

26   ///

27   ///

28   ///

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

                                               1
                                     [PROPOSED] ORDER

1      The court, having considered the moving and opposing papers and arguments of counsel,

2  hereby grants Defendants' motion to compel Plaintiffs' and their attorney Michael H. Perry of

3  Fraser, Trebilcock, Davis & Dunlap, P.C., jointly and severally, discovery responses and orders

4  sanctions against Plaintiffs, in favor of Defendants, in the amount of $_____.

5

6  Dated: _____

7                          _____
                            Joseph C. Spero

8                            United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

[PROPOSED] ORDER

## PROOF OF SERVICE
### (*Code Civ. Proc.*, § 1013a(3))

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 790 The City Drive, Fourth Floor, Orange, CA 92868-4941.

On **July 15, 2008**, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RAVI SUDAN; [PROPOSED] ORDER** on the interested parties in this action:

[X]   by placing the original/true copies thereof enclosed in sealed envelopes addressed as follows:

Michael H. Perry
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Ste. 1000
Lansing, Michigan 48933
(517) 482-5800 – (517) 482-0887 - Fax

[x]   **BY MAIL:**   I deposited such envelopes in the mail at Orange, California. The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on **July 15, 2008**, at Orange, California.

[ ]   **BY PERSONAL SERVICE:**   I delivered such envelope(s) by hand to counsel listed on the attached personal service list. Executed on _____, at Orange, California.

[ ]   **BY FACSIMILE TRANSMISSION:**   On **[DATE]**, 2008, at **[TIME]**, I transmitted the above entitled document by fax to each counsel listed [*SELECT ONE:* **ABOVE OR ON THE ATTACHED SERVICE LIST**], to the fax machine telephone number listed for each counsel. The telephone number on the fax machine I used is (714) 703-2121 and the fax machine complied with Rule 2.300(3). The transmission was reported as complete and without error. The transmission report was properly issued by the sending fax machine and, pursuant to Rule 2.306 (g)(4), a copy of the transmission report is attached to this declaration.

[ ]   **(UPS OVERNIGHT):**   I prepared such envelope(s) to be picked up from our offices in Orange, California the same day, providing for overnight delivery. The envelopes were mailed in accordance with our firm's contract with the overnight mail service. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.

[X]   **(Federal):**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Pamela Schuld*
PAMELA SCHULD

BRADY, VORWERCK,
RYDER & CASPINO
3100 OAK ROAD,
STE. 250
WALNUT CREEK, CA 94597

8

*Defendants' Notice Of Motion And Motion To Compel Plaintiffs' Discovery Responses; Memorandum Of Points And Authorities; Declaration Of Ravi Sudan;. [Proposed] Order*